<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY STEPNEY AND KEVIN FREEMAN, | : : : : | Civ. No. 02-5259 (GEB) |
| Plaintiffs, | : : |  |
| v. | : : | **MEMORANDUM OPINION** |
| GARY GILLIARD, et al., | : : |  |
| Defendants. | : : |  |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon three separate motions by plaintiff Stanley Stepney ("Plaintiff") appealing the Magistrate Judge's May 12, 2006; May 25, 2006; and July 10, 2006 Orders. The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will deny Plaintiff's motions.

**I. BACKGROUND**

The extensive facts in this case have been set forth previously by the Court and are repeated here only where relevant to the instant motions. On or about November 13, 2001, plaintiffs Stanley Stepney and Kevin Freeman (referred to collectively as "Plaintiffs") were incarcerated at the Monmouth County Correctional Institution ("MCCI"). (Defendants' Br. at 2.) At approximately 12:00 noon on that date, Plaintiffs allege that after they requested use of MCCI's law library from defendant Gary Gilliard, then a corrections officer at MCCI, "Gilliard

without provocation, reason or justification assaulted . . . [P]laintiffs, striking both in the face and body." (Complaint at ¶ 10.)  Soon after this incident and investigation, defendant Gilliard resigned from his position with the MCCI; his last day of work was December 11, 2001. (Defendants' Br. at 4-5.)

On or about November 1, 2002, Plaintiffs filed the instant Complaint, alleging one count of violation of the Eighth and Fourteenth Amendments of the Constitution and Section 1983 of Title 42 of the United States Code against Gilliard; one count of an intentional tort against Gilliard under New Jersey law; one count of violation of the Eighth and Fourteenth Amendments of the Constitution and Section 1983 against Clifford J. Daniels, warden of the MCCI; one count of violations of the Sixth and Fourteenth Amendments of the Constitution and Section 1983 against Daniels; and a separate count of violations of the Sixth and Fourteenth Amendment and Section 1983 against Edward J. Stominsky as a member of the Monmouth County Board of Chosen Freeholders.

On or about December 2, 2002, defendant Gilliard filed an answer and cross-claim to the Complaint and defendants Daniels and Stominski filed an answer.  In 2003, Plaintiffs' respective applications to proceed in forma pauperis were granted and plaintiff Freeman acquired counsel. On or about February 3, 2004, Plaintiff filed a motion for, inter alia, appointment of pro bono counsel.  On or about April 8, 2004, Plaintiff motion for appointment of pro bono counsel was denied for failure to satisfy the factors required for appointment of counsel set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

On or about April 19, 2005, Plaintiff filed a subsequent motion to appoint counsel.  On or about April 20, 2005, defendants Daniels and Stominski (collectively referred to as "the Moving

Defendants"), filed a motion for summary judgment. On or about June 10, 2005, defendant Gilliard informed the Court of his reliance on the Moving Defendants' moving papers. On or about June 22, 2005, plaintiff Freeman filed opposition to the motion for summary judgment. Plaintiff was granted several extensions of time to file a brief in opposition, but was ultimately denied any further extensions of time to file opposition papers on November 10, 2005. On December 6, 2005, the Court granted Plaintiff's motion to appoint counsel and granted in part and denied in part the Moving Defendants' motion for summary judgment.

On April 19, 2006, Plaintiff's appointed counsel filed a motion to amend/correct the Complaint. On May 15, 2006, the Magistrate Judge entered an Order denying Plaintiff's motion. On May 25, 2006, the Magistrate Judge entered an Order on informal motion denying Plaintiff's request to submit an expert report and precluding Plaintiff from relying on this report at trial. On July 10, 2006, the Magistrate Judge entered an Order on informal motion, inter alia, denying Plaintiff's request for defendant Gilliard's full employment records at MCCI. Thereafter, Plaintiff filed the instant motions appealing the Orders of the Magistrate Judge.

**II. DISCUSSION**

    A.  Standard of Review for Appeals of Magistrate Judge Orders

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)(quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination.  Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992).  Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently.  Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).  The court, however, will review a magistrate judge's legal conclusions under *de novo* review.  Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3069  (2d ed. 1997)("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").  The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings.  Cooper Hosp., 183 F.R.D. at 127 (quoting Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

> B. The Magistrate Judge's May 12, 2006 Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

Plaintiff alleges in his first motion that the Magistrate Judge erred in the May 12, 2006 Order denying Plaintiff's motion to amend the Complaint under the standard set forth in the Federal Rules of Civil Procedure. Plaintiff cites Rule 15, which states that leave to amend the Complaint "shall be freely given when justice so requires." Fed R. Civ. P. 15(a). Plaintiff further cites case law expounding upon the circumstances under which leave is to be granted. (See Pl.'s Br. at 7-8.)

However, it is clear from the Order that the Magistrate Judge properly considered the appropriate standard in denying Plaintiff's motion. The Magistrate Judge cited the same standard set forth in Plaintiff's brief on appeal, where leave to amend shall be granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962)).

Based on that standard, the Magistrate Judge found undue delay and undue prejudice to the opposing party and therefore denied Plaintiff's motion. Consequently, the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Furthermore, the Magistrate Judge has been actively involved in discovery and has a thorough knowledge of the proceedings in this matter and is to be accorded deference under the standard set forth above. Plaintiff has made no showing of an abuse of discretion by the Magistrate Judge and the Court finds none. Therefore, Plaintiff's appeal of the Magistrate Judge's May 12, 2006 Order is denied

and the Order is affirmed.

> C.  The Magistrate Judge's May 26, 2006 Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

With respect to Plaintiff's next appeal, the Court first notes that Plaintiff's attempt at framing the Magistrate Judge's Order as a dispositive ruling is incorrect. Pursuant to 28 U.S.C. § 636 and Local Rule 72.1, the Court may designate magistrate judges to hear and determine any pretrial matter, except for eight specified motions, which are often deemed dispositive. See NLRB v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992). Inclusive of those specified motions, "dispositive" commonly refers to those matters that "dispose of the matter before the district court." Id. at 817. Ultimately, that case "could be read to advise district courts to select the standard of review based on the effect the magistrate's order has on the parties rather than on the general type of order being reviewed." Williams v. American Cyanamid, 164 F.R.D. 615, 617 (D.N.J. 1996)(citation omitted). Consequently, the Court finds that the Magistrate Judge's May 25, 2006 Order denying Plaintiff's request to submit an expert report is not dispositive and can be reviewed under the deferential standard appropriate for discovery disputes and scheduling.

Plaintiff alleged in his second motion that his expert report and IME were timely filed. The Scheduling Order entered by the Magistrate Judge on March 1, 2006, memorializes a status conference held with the parties on February 27, 2006, and states that Plaintiff's expert discovery shall be concluded by April 28, 2006. Thereafter, the Magistrate Judge signed a Scheduling Order on May 11, 2006, that memorialized the May 10, 2006, status conference with the parties and stated that Plaintiff's expert discovery shall be concluded by June 22, 2006. Although Plaintiff asserts that he timely served his expert report on May 22, 2006, there is no evidence of

6

such a report on the docket. Although the change of date in the May 11, 2006 Scheduling Order was not specifically referenced in the May 25, 2006 Order, it appears that Plaintiff nonetheless failed to timely serve the expert report and there is no basis for his appeal on this issue.

As for the IME report, the Magistrate Judge's March 1, 2006 Scheduling Order specifically stated that the IME was to be completed by April 7, 2006. Thereafter, no extensions on that date were granted. Although the May 25, 2006 Order references an apparent consensual extension of the date of the IME until April 21, 2006, there is no record of the IME report until it was served by letter dated May 12, 2006. The letter accompanying the IME report does cite the unusual circumstances of this case as an explanation for the delay, but there was no assertion of any leave sought for the delay prior to the submission. Accordingly, Plaintiff does not make any showing that the Magistrate Judge's Order is clearly erroneous or contrary to law. Furthermore, given the discretion accorded the Magistrate Judge in the management of the discovery matters attendant to this matter, the Court finds that the Order did not constitute an abuse of discretion. Therefore, Plaintiff's appeal of the Magistrate Judge's May 12, 2006 Order is denied and the Order is affirmed.

### D. The Magistrate Judge's July 10, 2006 Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

Plaintiff alleges that the Magistrate Judge's July 10, 2006 Order was contrary to the Court's December 6, 2005 Order requiring the Moving Defendants to produce the disciplinary records of defendant Gilliard. However, the Magistrate Judge's July 10, 2006 Order denied Plaintiff's request for defendant Gilliard's complete MCCI employment file. Such a request was beyond the scope of this Court's Order and properly denied.

Plaintiff mischaracterizes the Court's December 6, 2005 Order by stating that it ordered production of "all records from Gilliard's employment file relevant to Plaintiffs' claims . . . ." (Pl.'s Br. at 19.)  The December 6, 2005 Memorandum Opinion specifically discussed the disciplinary records present in Gilliard's personnel file at MCCI and the accompanying Order simply required production of Gilliard's disciplinary records.  The Order addressed discovery of Gilliard's disciplinary records at MCCI, specifically "any and all allegations of assault made against Officer Gilliard," because they were allegedly already produced by the Moving Defendants.  However, the cited exhibit in the Moving Defendants' certification allegedly producing those records was missing.  As a result, the Court ordered that those disciplinary records from Gilliard's personnel file be produced again.  To the extent that Plaintiff's request preceding this appeal sought discovery of any records beyond Gilliard's disciplinary records, the Magistrate Judge's July 10, 2006 Order was not clearly erroneous nor contrary to law.  Consequently, Plaintiff's appeal of the Magistrate Judge's July 10, 2006 Order is denied and the Order is affirmed.

Plaintiff requested that the Court expedite its disposition of the instant motion in light of the pending deadline for the parties to submit pre-trial Orders as set forth in the Magistrate Judge's May 11, 2006 Scheduling Order.  To that end, the Court addressed the matter as expeditiously as possible and refers the matter back to the Magistrate Judge with leave for the parties to seek amendment to the Scheduling Order if necessary.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motions appealing the Orders of the Magistrate

Judge are denied and the Orders are affirmed.  An appropriate form of order is filed herewith.

Dated: August 3, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.