NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY STEPNEY AND KEVIN FREEMAN, | : | Civ. No. 02-5259 (GEB) |
| Plaintiffs, | : | |
| v. | : | **MEMORANDUM OPINION** |
| GARY GILLIARD, et al., | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff Stanley Stepney's ("Plaintiff") motion for reconsideration of the Court's August 3, 2006 Memorandum Opinion and Order denying Plaintiff's appeal of the Magistrate Judge's May 25, 2006 Order.  The Court, having considered Plaintiff's submission on an expedited basis, and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will deny Plaintiff's motion.

## I.  BACKGROUND

The extensive facts in this case are well known by the parties and need not be repeated here.  On May 25, 2006, the Magistrate Judge entered an Order on informal motion denying Plaintiff's request to submit an expert report and precluding Plaintiff from relying on this report at trial.  Thereafter, Plaintiff filed motions appealing this and other Orders of the Magistrate Judge.  On August 3, 2006, the Court entered an Order denying Plaintiff's appeals.  Plaintiff then

filed the instant motion.

## II. DISCUSSION

   A. <u>Standard for Motions for Reconsideration</u>

The standard for reconsideration is high and reconsideration is to be granted only sparingly. <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. Civ. R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(citing <u>N. River Ins. Co. v. CIGNA Reins. Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); <u>see also</u> L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule." <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. <u>See</u> <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. <u>Bowers</u>, 130 F.

---

[1]  On February 24, 2005, Local Civil Rule 7.1(g), which previously governed motions for reargument, was repealed.  Now, Local Civil Rule 7.1(i) governs motions for reconsideration.  Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

Supp. 2d at 613 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion  for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).

      B.  The Court's Order Did Not Constitute Clear Error

      Plaintiff asserts that the Court committed a clear error of law in denying Plaintiff's appeal of the Magistrate Judge's May 26, 2006 Order and requests reconsideration.  Furthermore, due to the pending trial, Plaintiff requests that the instant motion be addressed on an expedited basis, which the Court has done, prior to receipt of opposition to the motion, if any were to be filed.  In denying Plaintiff's appeal of the Magistrate Judge's Order denying Plaintiff's request to submit an expert report, the Court stated that "there is no evidence of such a report on the docket."  Plaintiff asserts clear error because there is no requirement in the Federal Rules of Civil Procedure or the Electronic Case Filing policies in this District that an expert report must be filed with the Court.  However, Plaintiff understandably misconstrued the Court's language.  The Court was merely referencing the issue of whether the expert report was timely filed and noted that nothing in the record demonstrated Plaintiff's claim that the report was timely filed, but did not intend to infer that service of the expert report upon the Court was required.  As a result, there is no clear error and Plaintiff's motion is denied.

      Nonetheless, the Court shall take this opportunity to clarify the August 3, 2006 Memorandum Opinion for the record as there is some confusion in the record with respect to the date for expert discovery to be concluded.  Plaintiff had previously alleged that he served the expert report on May 22, 2006, and that it was therefore timely filed in accordance with the

Magistrate Judge's May 11, 2006 Scheduling Order.  The Scheduling Order entered by the Magistrate Judge on March 1, 2006, memorialized a status conference held with the parties on February 27, 2006, and stated that Plaintiff's expert discovery shall be concluded by April 28, 2006.  Thereafter, the Magistrate Judge entered the May 11, 2006 Scheduling Order that memorialized the May 10, 2006 status conference with the parties and stated that Plaintiff's expert discovery shall be concluded by June 22, 2006.  However, on May 12, 2006, in response to a letter by defense counsel and subsequent to the entry of the May 11, 2006 Scheduling Order, Plaintiff submitted a letter to the Magistrate Judge regarding the extension of discovery.

It was these letters that apparently constituted the informal motion addressed by the May 25, 2006 Order that denied Plaintiff's request to submit an expert report beyond the April 28, 2006.  Despite the confusion, it is clear that Plaintiff was not relying upon the Magistrate Judge's May 11, 2006 Scheduling Order with respect to the expert report since he sent the May 12, 2006 letter requesting that defense counsel's informal motion be denied and Plaintiff be allowed to proceed in accordance with the timetable established during the May 10, 2006 teleconference.  Ultimately, the May 25, 2006 Order then denied Plaintiff's request to submit an expert report, which constituted the Magistrate Judge's final decision on the matter.

As stated in the Court's August 3, 2006 Memorandum Opinion, the Magistrate Judge's Order was not clearly erroneous or contrary to law and the Magistrate Judge is given deference in the management of discovery matters.  As a result, the Court again affirms the May 25, 2006 Order of the Magistrate Judge.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's August 3, 2006 Order denying Plaintiff's appeal of the May 25, 2006 Order of the Magistrate Judge is denied.  An appropriate form of order is filed herewith.

Dated: August 21, 2006

                                                         __s/ Garrett E. Brown, Jr._____
                                                         GARRETT E. BROWN, JR., U.S.D.J.